UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                            DOCKET NO. 1:23-cv-11313

_____
                                          )
ANDRE BISASOR,                            )
          Plaintiff,                      )
                                          )
Vs.                                       )
                                          )
CRAIG S. DONAIS, RUSSELL F.               )
HILLIARD, DONAIS LAW OFFICES              )
PLLC, UPTON AND HATFIELD LLP,             )
and MARY K. DONAIS,                       )
          Defendants.                     )
_____          )

## MEMORANDUM IN SUPPORT OF DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO DISTRICT OF NEW HAMPSHIRE

## INTRODUCTION

Through his First Amended Complaint (the "Complaint")[1] in this action, plaintiff Andre Bisasor, asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC; civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.[2] See

_____
[1] Plaintiff's Complaint, consisting of 901 single-spaced, reduced-font paragraphs over 92 pages with reduced margins, is prolix and, for that reason alone, subject to dismissal.
[2] Plaintiff has also sued Defendant Craig S. Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims

Complaint.  According to the Complaint, such statements and publications were intended to damage Plaintiff's reputation.  See Complaint ¶ 5.

Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants") have no significant contacts with the Commonwealth of Massachusetts other than Craig S. Donais' being admitted to the Bar in Massachusetts. Complaint ¶ 58.  Craig S. Donais is an attorney licensed to practice law in the State of New Hampshire and the Commonwealth of Massachusetts, and his practice, Donais Law Offices PLLC, is located in New Hampshire. Complaint ¶¶66, 83.  Plaintiff tries to characterize Craig S. Donais as having significant contacts to Massachusetts, but all he alleges is that Craig S. Donais travels through Massachusetts to visit family or take part in recreational activities and is admitted to practice law in Massachusetts; all of his other allegations go toward information more than 20 years out of date or concerning Craig S. Donais's family and not himself. Complaint ¶¶ 58-69.  Plaintiff similarly tries to characterize Mary K. Donais as having significant contacts to Massachusetts, but he alleges even less regarding her, namely that she used to live in Massachusetts and still travels there for family and recreational activities. Complaint ¶¶ 70-76.  Plaintiff finally tries to characterize Donais Law Offices, PLLC as having significant contacts with Massachusetts despite its being located in New Hampshire and organized under New Hampshire laws. Complaint ¶¶ 81-92.

Plaintiff admits that Craig S. Donais and Mary K. Donais live in New Hampshire and that Donais Law Offices, PLLC is located in New Hampshire. Complaint ¶¶ 83, 105, 60, and 72. Plaintiff states that having appeared as an attorney for others in Massachusetts cases, Craig S.

---

were dismissed on August 2, 2021 and in New Hampshire for similar causes of action.  Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0965 ("Andre Bisassor [sic] v. Craig Donais").  Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts.  Plaintiff and Plaintiff's wife have also filed another civil action against Defendant Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

Donais should expect to be personally subject to the jurisdiction of Massachusetts courts. Complaint ¶¶ 109-111.

Plaintiff's claims concerning alleged statements made by the defendants concern statements made to the courts, police, or other public bodies or organizations involved in petitioning activity. Complaint ¶¶ 21, 37-39, 120, 133-134, 152, 213-221, 272, 316, 319.

Pursuant to Fed. R. Civ. P. 12(b)(2), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC now move that the Complaint be dismissed on the grounds that the Donais Defendants are not subject to the personal jurisdiction of this Court.  In the alternative, they now move that the Complaint be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3).  In the alternative, they now move that the complaint be dismissed for forum non conveniens.  In the alternative, they now move that the Complaint be dismissed pursuant to Mass. Gen. Laws c. 59H. In the alternative, pursuant to 28 U.S.C. §1404(a), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC request that this action be transferred to the District of New Hampshire.

## ARGUMENT

### I.      The Court Should Dismiss This Action Because It Lacks Personal Jurisdiction Over Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC.

"As a general matter, when personal jurisdiction over a defendant is challenged, the burden falls on the plaintiff through affidavit and other competent evidence, to make out a prima facie case that personal jurisdiction does exist." A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F. Supp. 39, 42 (D. Mass. 1990).  See, e.g., Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978).  "`[A] claim of personal jurisdiction over a non-resident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?  Jurisdiction is permissible only when both questions draw affirmative responses.'" P.I.E. Nationwide, Inc. v. New England Tech Air, Inc., 751 F. Supp. 316, 318 (D.

Mass. 1990) (quoting Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979)); see Roch v. Mollica, 481 Mass. 164, 166 (2019). "Jurisdiction is authorized only where the answer to both inquiries is yes." Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 281 (1996).

> **A.**   **The Present Action Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(2) Because The Massachusetts Long-Arm Statute Fails to Confer Personal Jurisdiction Over Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of adducing facts on which jurisdiction may be found." Roch v. Mollica, 481 Mass. 164, 165 (2019); see Fletcher Fixed Income Alpha Fund, Ltd. V. Grant Thornton LLP, 89 Mass. App. Ct. 718 (2016).

"In an action where a federal court's jurisdiction is based on diversity of citizenship, a party's amenability to suit is determined by reference to the law of the state in which the federal court sits." Ganis Corp. of California v. Jackson, 635 F. Supp. 311, 314 (D. Mass. 1986), aff'd 822 F.2d 194 (1st Cir. 1987). Since plaintiff does not articulate in his Complaint a statutory basis for personal jurisdiction, it can only be presumed that he asserts jurisdiction pursuant to M.G.L. c. 223A, §3 which confers, in relevant part, personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth…(c) causing tortious injury by an act or omission here; (d) causing tortious injury by an act outside the commonwealth if it regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered." M.G.L. c. 223A, §3. In order to be subject to jurisdiction under the Massachusetts Long-Arm Statute, a party must have the type of contacts with Massachusetts that are specified in that statute, and the cause of action being asserted must arise from those contacts. See, e.g., New Hampshire Ins. Guar. Ass'n v. Markem Corp., 424 Mass. 344, 347 (1997) ("Personal jurisdiction is limited to causes of action arising out of the business the person sought to be reached

transacts in the State and does not extend to all persons transacting any business at all in the State."); see Societ De L'Assurance Auto. Du Quebec v. Pawtucket Mutual Insurance Co., 65 Mass. App. Ct. 1126 (2006) (dismissal for lack of personal jurisdiction upheld where the tortfeasor lived in New Hampshire and conduct giving rise to the cause of action originated in New Hampshire). Plaintiff's allegations concerning personal jurisdiction fall short of this standard, as the Donais Defendants did not cause a tortious injury in the Commonwealth, did not cause a tortious injury by a contract to supply services or things in the Commonwealth, and did not cause a tortious injury by act outside the Commonwealth while regularly doing business in the Commonwealth, and Plaintiff's cause of action does not arise out of any business the Donais Defendants transact in Massachusetts. Plaintiff goes so far as to say that traveling to see family or take part in recreational activities in the Commonwealth should subject the defendants to the Court's jurisdiction, a blatantly false assertion.

In "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972), the Massachusetts Supreme Judicial Court "held that there were insufficient contacts to assert jurisdiction under G.L. c. 223A, §3(a), where the defendant's only contacts with the Commonwealth consisted of the affirmance of a contract and the making of partial payments pursuant to the contract through the mails." Droukas, 375 Mass. at 153 (citing "Automatic" Sprinkler, 361 Mass. at 444). Indeed, in Droukas, the defendant, which had advertised in the Commonwealth, had telephone communications with the Massachusetts plaintiff, corresponded by mail with the Massachusetts plaintiff, and shipped goods in the form of engines to the Massachusetts plaintiff, was found to have inadequate contacts with the Commonwealth to warrant a finding of personal jurisdiction under the long-arm statute. Similarly, in P.I.E. Nationwide, Inc. v. New England Tech Air, Inc., 751 F. Supp. 316, 318 (D. Mass 1990), this Court held that a single shipment from Maine to Massachusetts did not constitute transaction of business within Massachusetts for purposes of the Massachusetts long-arm statute.

As set forth above in detail, it is undisputed that the Donais Defendants' principal and only place of business is in New Hampshire, the individual defendants reside in New Hampshire, and Donais Law Offices PLLC is organized under the laws of New Hampshire. See Complaint ¶¶ 58-76, 81-92. The Donais Defendants "maintain no office in Massachusetts, nor do they own any property within the Commonwealth." Droukas, 375 Mass. at 153 (holding such factors to be significant in denying any jurisdiction). See Complaint ¶¶ 58-76, 81-92. Consequently, Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC do not even have the contacts with Massachusetts which the Droukas and "Automatic" Sprinkler courts found to be insufficient for jurisdiction. For these reasons, the Court should find that M.G.L. c. 223A, §§3(a) and 3(c) do not authorize the necessary statutory jurisdiction over the Donais Defendants, because they have not transacted business in the Commonwealth with sufficient contacts or caused tortious injury by an act or omission in Massachusetts. see Massachusetts School of Law at Andover v. American Bar Ass'n, 959 F. Supp. 36 (D. Mass. 1997) (jurisdiction does not exist under sections 3(a) and 3(c) of the Massachusetts Long-Arm Statute where defendants had no contacts with Massachusetts that were connected with plaintiff's causes of action).

Subsection 3(d) of the Massachusetts Long-Arm Statute is similarly inapplicable here. Subsection 3(d) provides that a person may be subject to jurisdiction in Massachusetts for acts or omissions outside of Massachusetts that cause tortious injury here but only if "he regularly does or solicits business or engages in any other persistent course of conduct" in Massachusetts. See M.G.L. c. 223A, §3(d). Here, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC have not regularly conducted or engaged in business in Massachusetts. see Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 282 (1996) ("While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute `injury in this commonwealth' within the meaning of §3(d).").

For these reasons, the Court should find that M.G.L. c. 223A, §3 does not authorize the necessary statutory jurisdiction over Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC in this action and, therefore, dismiss the Complaint as against Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC.  See Hood v. American M.A.N.  Corp., 20 Mass. App. Ct. 937, 939 (1985) (holding that plaintiff has burden of demonstrating that the case fits one or another of provisions of Massachusetts long-arm statute); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979) ("Although presented with jurisdictional facts sufficient to survive due process scrutiny, a judge [is] required to decline to exercise jurisdiction if the plaintiff [is] unable to satisfy at least one of the statutory prerequisites [of M.G.L. c. 223A, §3].").

**B.     Even If The Exercise Of Jurisdiction Over Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC Is Authorized By The Massachusetts Long-Arm Statute, Such Exercise Of Jurisdiction Under State Law Is Inconsistent With Basic Due Process Requirements Mandated By The United States Constitution.**

"The Due Process clause of the Fourteenth Amendment requires first that the defendant have minimum contacts with the forum." A-Connoisseur Transp. Corp. v. Celebrity Coach, Inc., 742 F. Supp. 39, 42 (D. Mass. 1990).  See Good Hope, 378 Mass. at 7.  "Generally, minimum contacts exist if it is shown that a non-resident party reasonably anticipates being haled into another forum's court, or otherwise avails itself of the privilege of conducting activities within that forum, thus invoking the benefits and protections of that forum's laws." A-Connoisseur, 742 F. Supp. at 42. Balloon Bouquets, Inc. v. Balloon Telegram, Delivery, Inc., 18 Mass. App. Ct. 935 (1984) (defendant's conduct and connection with forum state must be such that he should reasonably anticipate being haled into court there).  "This `purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of `random', `fortuitous,' or `attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 485-86 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984)).  Due process also requires that if such minimum contacts exist, the exercise of personal jurisdiction over the defendant must comport with

traditional notions of fair play and substantial justice." A-Connoisseur, 742 F. Supp. at 42-43.  See Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714, review denied, 411 Mass. 1104 (1991) ("In regards to the constitutional requirements, the touchstone remains whether the defendant purposefully established `minimum contacts' in the forum State and whether specific jurisdiction over the defendant comports with `fair play and substantial justice.'".  (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).  Where, as here, general jurisdiction is lacking over the defendant, the plaintiff's claim must arise out of, or relate to, the defendant's forum contacts in order to establish specific jurisdiction.  See, e.g., Tatro v. Manor Care, Inc., 416 Mass. 763, 772 (1994).

A finding of personal jurisdiction cannot "turn on `mechanical' tests or on `conceptualistic . . . theories of the place of contracting or of performance.'"  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478-79 (1985) (quoting International Shoe, 326 U.S. at 319 and Hoopeston Canning Co. v. Cullen, 318 U.S. 313, 316 (1943)).

For example, in Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 212 (1st Cir. 1994), the First Circuit Court of Appeals held that considering the totality of the circumstances, the burden of appearance in a Massachusetts forum by a California lawyer in a defamation action was so onerous that it rendered the exercise of personal jurisdiction over the lawyer unreasonable and contrary to fundamental fairness.  The court found significant that the lawyer's sole contact to Massachusetts was his alleged defamatory comment during an unsolicited telephone interview with a staff reporter for a Massachusetts newspaper.  See Ticketmaster-New York, 26 F.3d at 212.

Similarly, many courts have held that merely holding a professional license for a jurisdiction does not create personal jurisdiction over the professional. See Eastboro Foundation Charitable Trust v. Penzer, 950 F. Supp. 2d 648 (S.D.N.Y. 2013) (merely holding a license to practice law in New York did not create personal jurisdiction over the attorney defendant); see Executive Law

Group, Inc. v. Executive Law Group PL, 2014 WL 12577090 (C.D. Cal. 2014) (mere membership in the California bar does not establish personal jurisdiction over an attorney); see Katz v. Katz, 310 N.J. Super. 25 (Superior Ct. of NJ, Appellate Div. 1998) (license to practice law in the state did not create personal jurisdiction in a matter totally unrelated to the license);  Statek Corp. v. Curdert Bros. LLP, 2018 WL 834227 (D. Conn. 2018) (lack of physical presence in the state and minimal income derived from Connecticut residents did not allow for establishing personal jurisdiction over an attorney); Estate of Logan by and Through Logan v. Busch, 574 F. Supp. 3d 660 (W.D. Missouri 2021) (membership in a state Bar is not enough to establish personal jurisdiction); see Robertsson v. Misetic, 116 N.E.3d 205 (App. Ct. Ill. 2018) (membership in a state Bar is not enough to establish personal jurisdiction)

Under such authority, it is clear that this Court lacks personal jurisdiction over the Donais Defendants.  As detailed above, the Donais Defendants' principal and only place of business is in New Hampshire.  Complaint ¶¶58-76, 81-92.  The Donais Defendants' only contact with Massachusetts is that Craig S. Donais is admitted to the bar in Massachusetts, which contact is not related to Plaintiff's claims. Such an unsolicited, isolated activity by Craig S. Donais does not constitute purposeful availment by the Donais Defendants of the benefits and privileges of Massachusetts' laws such that they should reasonably anticipate being haled into court in Massachusetts.

Moreover, given the obvious lack of minimum contacts of the Donais Defendants with Massachusetts, the burden of their appearance in the present case, like that of the California lawyer in Ticketmaster-New York, is so onerous as to render the exercise of personal jurisdiction over the Donais Defendants unreasonable and contrary to fundamental fairness.

Additionally, plaintiff cannot satisfy the reasonableness requirement of the Constitutional exercise of personal jurisdiction.  Even where the relatedness and purposeful availment

requirements have been met, which is not the case here, the exercise of personal jurisdiction is inappropriate if it would be unreasonable under the circumstances.   See, e.g., Ticketmaster-New York v. Alioto, 26 F.3d 201, 206 (1st Cir. 1995) (adopting rule that "dismissal may be appropriate on grounds of reasonableness even if considerations of relatedness or purposefulness, taken in isolation, could support the exercise of jurisdiction"); Tatro v. Manor Care, Inc., 416 Mass. 763, 772 (1994) ("In addition, the assertion of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice [which] ... [i]n practical terms, ... means that an assertion of jurisdiction must be tested for its reasonableness ....").

To determine what is "reasonable," the following factors have been identified for consideration:  the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining relief in the chosen forum, the interest of the judicial system in obtaining the most efficient resolution of the controversy, and the common interest of all sovereigns in promoting substantive policies.   See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985); Tatro v. Manor Care, Inc., 416 Mass. 763, 773 (1994).

Proper consideration of these factors results in the conclusion that personal jurisdiction should not be exercised over the Donais Defendants here.   First, litigating this action in Massachusetts would impose a substantial burden on the Donais Defendants because they have virtually no contacts with Massachusetts.  Moreover, Massachusetts has relatively minimal interest in having this dispute adjudicated here because many of the acts allegedly committed by Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC did not take place here and the dispute centers around statements Craig S. Donais allegedly made in New Hampshire.   See, e.g., Ticketmaster, 26 F.3d at 211 (Massachusetts' interest in adjudicating defamation action lessened where few, if any, of alleged acts occurred in forum); Sheridan v. Ascutney Mountain Resort

Services, Inc., 925 F. Supp. 872, 879 (D. Mass. 1996) (Massachusetts' interest in adjudicating dispute held to be non-existent where plaintiff, claiming personal injuries against Vermont ski resort, was fully familiar with resort and had in fact availed herself of its services by buying condominium there over ten years prior to accident in question).  Finally, the public policy of promoting efficiency and economy in litigation counsels strongly against exercising jurisdiction here over the Donais Defendants particularly because the alleged activity giving rise to plaintiff's claims took place in New Hampshire, and not Massachusetts, and most witnesses will be residents of New Hampshire.  See, e.g., Sheridan, 925 F. Supp. at 879 (most effective resolution of controversy held to be in Vermont where accident took place and where most of witnesses, other than plaintiff herself, resided).  "In the aggregate, therefore, the policies promoted by the five factors would be best advanced by this Court's declination of jurisdiction."  Id.

Therefore, the due process prerequisites to the exercise of jurisdiction in Massachusetts over Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC have not been satisfied.  The Complaint thus should be dismissed as against Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## II.  In The Alternative, This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(3) For Improper Venue

"In determining venue, the court looks 'not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim.'"  Clinton-Brown v. Hardick, 2021 WL 1427635 *4 (D. Mass. April 15, 2021) (quoting Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001)).  "This is a 'holistic view of the acts underlying a claim."  Id. (quoting Uffner at 43, n. 6).  In the present case, since defendants all reside in New Hampshire for venue purposes and most witnesses to the alleged tortious conduct are located in New

Hampshire, venue is not proper in Massachusetts.  See, e.g., id. (holding venue not proper in Massachusetts because not a substantial part of alleged wrongful acts giving rise to action occurred there since while plaintiffs may have been in Massachusetts when they made their offer and when they received news from Rhode Island that defendants would not sell Rhode Island property to them for allegedly discriminatory reasons, plaintiffs traveled to Rhode Island to view property they sought to purchase and used Rhode Island broker who communicated with defendants' Rhode Island real estate agent, who in turn took direction from defendants in Rhode Island).

Therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

### III.   In The Alternative, This Action Should Be Dismissed Under The Doctrine Of Forum Non Conveniens

The legislative formulation of the doctrine of forum non conveniens contained within the Massachusetts Long-Arm Statute provides the following: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." M.G.L. c. 223A, §5.

The SJC has held that the statutory formulation of forum non conveniens is essentially the same as the common law doctrine.  see Green v. Manhattanville College, 40 Mass. App. Ct. 76, 78, review denied, 422 Mass. 1107 (1996) (under the common law doctrine of forum non conveniens, "[s]tated succinctly, the principle is that where in a broad sense the ends of justice strongly indicate that the controversy may be more suitably tried elsewhere, then jurisdiction should be declined and the parties relegated to relief to be sought in another forum.").  Forum non conveniens gives courts the discretion to dismiss a case where there is "both an adequate alternative forum and that

considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." <u>Imamura v. General Electric Company</u>, 371 F.Supp.3d 1, 7 (D. Mass 2019) (dismissal properly entered when defendant was able to show that an alternative forum existed and the balance of public and private interest factors favored that alternative forum).

Upon the record as discussed above, particularly the facts that Plaintiff's claims and damages all arise from alleged conduct by Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC taking place in New Hampshire and center around statements made primarily in New Hampshire, this action should properly be dismissed on forum non conveniens grounds and be commenced in the State of New Hampshire.  <u>see</u>, <u>Green</u>, 40 Mass. App. Ct. at 79 (convenience favored dismissal, on forum non conveniens grounds, of action against New York college by student and his father, residents of Massachusetts, who alleged that student was beaten and harassed by three basketball players and that college failed to provide adequate security where all matters complained of occurred in New York, all prospective event witnesses except plaintiffs would be found in New York, as would any contemporaneous records, and any compulsory process needed to obtain presence at trial of basketball players or of any employees of college who might no longer be affiliated with college would likely be available only through New York courts).

### IV.   <u>In the Alternative, This Action Should be Dismissed Pursuant to Mass. Gen. Laws Ch. 59H</u>

A party who asserts that a civil claim against it is based on its exercise of its "right of petition" under the United States or Massachusetts constitution may bring a special motion to dismiss under Massachusetts' anti-SLAPP statute.  <u>See</u> M.G.L. c. 231, § 59 H.  The Massachusetts legislature enacted anti-SLAPP legislation in response to the "disturbing increase

in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Duracraft Corp. v. Holmes Prod. Corp., 427 Mass. 156, 161 (1998). The anti-SLAPP statute is "designed to deter lawsuits filed to intimidate citizens from legitimately petitioning the government for redress of grievances and to provide a mechanism for the prompt dismissal of such lawsuits before the petitioning party has been forced to incur significant costs of defense." Plante v. Wylie, 63 Mass. App. Ct. 151, 156 - 57 (2005), citing Duracraft, 427 Mass. at 161.

The anti-SLAPP statute provides that:

> The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party.

G.L. c. 231, § 59H. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based. Id. A party's "right to petition" includes any statement or activity "reasonably likely to encourage consideration or review of an issue by a legislative, executive, or judicial body or any other governmental proceeding" and "any other statement falling within constitutional protection of the right to petition government." Id.

The anti-SLAPP statute protects defendants from lawsuits that are filed based on the defendants' activities directly related to ongoing litigation, and also encompasses behavior that is not directly related to or necessary for the actual petitioning activity, and contemplates a wide variety of causes of action. See Fabre v. Walton, 436 Mass. 517 (2002) (application for abuse

protection order is petitioning activity, rendering subsequent complaint subject to dismissal); Powell v. Stevens, 69 Mass. App. Ct. 87, n. 6 (2007) (counterclaim alleging improper filing of memorandum of lis pendens could have been dismissed under the anti-SLAPP statute, as "litigation that put title to the property at issue plainly constituted petitioning activity"); compare Adams v. Whitman, 62 Mass. App. Ct. 850 (2005) (anti-SLAPP statute precluded abuse of process counterclaim by corporation against plaintiffs who were claiming corporation negligently installed septic system); Donovan, supra, 50 Mass. App. Ct. at 595 (anti-SLAPP statute precluded lawsuit based on complaints made to regulatory agencies, helicopter fly-over, angry epithets, and agreement among neighbors to fund legal battle).

The party moving for dismissal under the anti-SLAPP statute must make a threshold showing that the claims against him are based solely on protected petitioning activities and that the claims have no substantial basis other than, or in addition to, the petitioning activities. Donovan v. Gardner, 50 Mass. App. Ct. 595, 598–99 (2000).  The special movant's threshold burden contains three parts: (1) the special movant must establish that its complained-of conduct is petitioning; (2) the special movant must establish that the activity is its own petitioning activity; and (3) the special movant must demonstrate that the nonmoving party's claims are solely based on its petitioning activity. See Blanchard v. Steward Carney Hospital, Inc., 477 Mass. 141, 153, n. 19 (2017).

Once the moving party makes that showing, the burden shifts to the nonmoving party to prove, by a preponderance of the evidence, that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the

moving party's acts caused actual injury to the responding party." <u>Duracraft</u>, <u>supra</u>, 427 Mass. at 167-68.  On the basis of the pleadings and affidavits, a plaintiff must show that no reasonable person could conclude that the petitioning activity was supported in fact or in law, and the plaintiff suffered actual injury as a result. <u>Id.</u>; <u>Keegan v. Pellerin</u>, 76 Mass. App. Ct., 186, 190 (2010).

If the nonmoving party cannot make this showing, the nonmoving party may still prevail by establishing that the underlying suit was "not brought primarily to chill the special movant's legitimate exercise of its right to petition." <u>Blanchard</u>, <u>supra</u>, 477 Mass. at 159.  This alternate special motion defense requires the nonmoving party to establish, "such that the motion judge may conclude with fair assurance, that its primary motivating goal in bringing its claim, viewed in its entirety, was 'not to interfere with and burden defendants' ... petition rights, but to seek damages for the personal harm to [it] from [the] defendants' alleged ... [legally transgressive] acts.'" <u>Id.</u> p. 160 <u>citing</u> <u>Sandholm v. Kuecker</u>, 2012 IL 111443, ¶ 57.   The motion judge, applying this standard "in the exercise of sound discretion, is to assess the totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim." <u>Blanchard</u>, at 160.

The Plaintiff's lawsuit is based on statements he claims Attorney Donais made to a variety of parties, including the Manchester, New Hampshire police, the New Hampshire Attorney Discipline Office, and the court.[3]  Attorney Donais made these statements as attempts

---

[3] To the extent the Plaintiff alleges any comments or discussions between Defendant Craig Donais and Defendant Mary Donais, such statements are privileged spousal communications and cannot serve as the basis for a defamation or libel claim.  <u>see</u> <u>Commonwealth v. Garcia</u>, 476

to assert his right to petition the government and protect himself and his family.   These
petitioning activities are the basis for Plaintiff's complaint against the defendants.

As such, Plaintiff's complaint should be dismissed under Mass. Gen. Laws c. 59H with
costs and attorney's fees being awarded to the defendants.

## V.       In The Alternative, This Action Should Be Transferred To The District Of New Hampshire.

This Court has broad authority to transfer a case under 28 U.S.C. §1404(a) which provides:
"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer
any civil action to any other district or division where it might have been brought."   The intent
behind §1404(a) is "to have federal civil suits tried in the federal system in a place called for in the
particular case by considerations of convenience and justice.   [T]he purpose of the section is to
prevent waste `of time, energy and money' and `to protect litigants, witnesses and the public against
unnecessary inconvenience and expense . . . .'"   Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)
(citation omitted).

"The decision to transfer a case to a more convenient forum pursuant to §1404(a) is a matter
within the discretion of the district court." Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D.
Mass. 1991).  Although §1404(a) provides no express criteria to guide a district court in exercising
its power to transfer the forum of a case, see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839,
842 (1947), "[t]he First Circuit has enumerated a partial list of factors to consider in deciding a
§1404(a) motion, including "`the convenience of the parties and witnesses, the order in which
jurisdiction was obtained by the district court, the availability of documents, and the possibilities of

---

Mass. 822 (2017); see Gallaher v. Goldstein, 402 Mass. 457 (1988); see Green v. Cosby, 160 F.
Supp. 3d 341 (D. Mass. 2016).

consolidation.'"   Wellons v. Numerica Savings Bank, FSB, 749 F. Supp. 336, 337 (D. Mass. 1990)(quoting Cianbro Corp. v. Curran-Lavoie, 814 F.2d 711 (1st Cir. 1987)).

     **A.**     **This Action Could Have Been Brought In the District of New Hampshire**

As an initial matter, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC note that this action could have been brought in the District of New Hampshire.  Venue is proper in the District of New Hampshire because, as detailed above, all defendants are residents of New Hampshire or are organized under the laws of New Hampshire.  See 28 U.S.C. §1391(b)(2).

     **B.**     **The Relevant Factors Weigh In Favor Of Transferring This Action To The District Of New Hampshire.**

There is a complete diversity of citizenship between Plaintiff and defendants, who all reside or are organized under the laws of New Hampshire, which favors transferring the matter to the District of New Hampshire.

Transfer of this action is warranted by the fact that New Hampshire is the state where the cause of action arose.  See Wellons, 749 F. Supp. at 337 (fact that New Hampshire was state where cause of action arose held to argue strongly for transferring case from Massachusetts to New Hampshire).  As detailed above, the present action arises from a series of alleged statements made by Craig S. Donais. Complaint ¶5.  The alleged statements were purportedly made by Craig S. Donais and/or Mary K. Donais, who both reside in New Hampshire.  Complaint ¶¶5, 60, 72, 697.  Thus, the fact that New Hampshire is the state where the present controversy arose strongly favors transfer.  See Wellons, 749 F. Supp. at 337 (lender liability suit transferred from Massachusetts to New Hampshire where Massachusetts borrowers closed subject loan in New Hampshire and arranged for financing from New Hampshire bank).

Moreover, the fact that New Hampshire law will undoubtedly govern the issues in this case further favors transfer of this action to New Hampshire.  See id. (conclusion that New Hampshire law would govern issues in case weighs heavily in favor of transfer of action from Massachusetts to

New Hampshire).  See also Van Dusen v. Barrack, 376 U.S. 612, 645 (1964) (stating that "[t]here is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems and conflict of laws, and in law foreign to itself."); Shipley Co., Inc. v. Clark, 728 F. Supp. 818, 824 (D. Mass. 1990) (conclusion that Massachusetts law governed interpretation of subject contract pursuant to Massachusetts choice-of-law provision held to favor denial of requested transfer of Massachusetts action to Michigan).  New Hampshire law will undoubtedly govern the issues in this action because, as detailed above, the alleged harm is to Plaintiff's reputation in New Hampshire where the alleged statements were made.  See Complaint ¶897.  Also, the documents relating to the alleged defamatory statements are court filings in New Hampshire.  See id. ¶11; Wellons, 749 F. Supp. at 337 (noting that availability of documents is a factor to be considered in determining whether to transfer an action).  Furthermore, since the alleged defamatory statements were made in New Hampshire, a New Hampshire court would be best suited to determining whether the statements were defamatory under New Hampshire law.  See, e.g., Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 5 (D. Mass. 1987) (holding that "transfer to a North Carolina forum would promote the interests of justice by allowing the North Carolina zoning procedures at issue in [the] case to be construed by a federal court sitting in that state, rather than by a court unfamiliar with North Carolina law").

Thus, the facts that New Hampshire is the state where the cause of action arose and New Hampshire will undoubtedly govern the issues in this action provide conclusive reasons for justifying this Court's transferring this action to the United States District Court for the District of New Hampshire.  See Wellons, 749 F. Supp. at 337 (holding that these factors alone justify allowing motion to transfer).  See also Van Dusen v. Barrack, 376 U.S. 612, 645 (1964) (listing

location of cause of action and familiarity of district court's federal judges with applicable law as relevant considerations in §1404(a) motion).

## <u>CONCLUSION</u>

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court dismiss the Complaint against them and award them cost's and attorney's fees, or, in the alternative, transfer this action to the District of New Hampshire.

Respectfully submitted,
FOR THE DEFENDANTS,
CRAIG S. DONAIS, MARY K. DONAIS
and DONAIS LAW OFFICES PLLC
By Their Attorneys,

*/s/ Edwin F. Landers, Jr.*

Edwin F. Landers, Jr., BBO# 559360
Elanders@morrisonmahoney.com
Ian T. Donovan, BBO# 703377
idonovan@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-342-4869

**CERTIFICATE OF SERVICE**

I, Edwin F. Landers, attorney for the Defendants, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC, hereby certify that I have this day served the foregoing to all counsel of record in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty Beliveau & Pachios, LLP
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   June 13, 2023              /s/ Edwin F. Landers, Jr.
                                   Edwin F. Landers, Jr.