UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

# EXPEDITED/EMERGENCY MOTION TO ALLOT 1 HOUR FOR THE JULY 27, 2023 HEARING

1. I, the plaintiff in this case, hereby submit this motion to allot 1 hour for the July 27, 2023 hearing.
2. Grounds are as follows.
3. On 6/20/23, a hearing date was first set to be at 11am in person on July 27, 2023 hearing.
4. I subsequently requested permission to attend the hearing by zoom.
5. On 6/22/23, the request that the hearing be conducted via ZOOM was allowed.
6. On 7/6/23, there was another time change to 10am.
7. On 7/20/23, the time was changed once more to 12pm, in order to accommodate the zoom hearing on July 27, 2023.
8. When I inquired about the time allotted for the hearing, I was informed that typically the court will provide 5 to 10 minutes per side. This suggests that the hearing may go for 10 to 20minutes in total.
9. I am concerned that this will not be enough time.
10. I believe 1 hour would be best to allot for the hearing (30 mins for plaintiffs and 30 minutes for defendants) as needed, so that we don't run out of time.
11. This is my first hearing in federal court so as a pro se going up against 4 opposing lawyers, I am concerned I will be at a disadvantage.
12. Also, pending before the court, there is a motion to remand, and two motions to dismiss including two antislapp motions, plus other related matters, such as the need for limited discovery for remand, personal jurisdiction and antislapp, etc., and a motion to amend complaint and a motion for default.
13. So I want to ensure that I have a fair and meaningful opportunity to be heard in this hearing. Therefore I want to ensure there is enough time for a proper hearing so that I can have a meaningful opportunity to be heard on these issues especially because I am a pro se non lawyer.
14. Moreover, the court may have questions, so that will take up time, in addition to the time by each party.
15. Plus, I assume that there will or should be an opportunity to rebut or follow-up to whatever the other side has said. There are some complicated issues involved and it may be important to allow follow-up.
16. NB: There are 3 defendants (the Donais defendants) who represented by two lawyers of a law firm (and they filed one motion to dismiss together), and another 2 defendants (the Hilliard defendants) who are represented by another two lawyers of another law firm (and they filed a separate motion to dismiss together).
17. Because there are multiple defendants and multiple defendant lawyers, I may need to be able to speak to each of their presentations, depending on how many of them will be given time to speak. And I need to have at least equal time to all of the defendants combined. Otherwise I will be at a disadvantage.
18. As a pro se non-lawyer, I am not trained to present like a lawyer and so I may not be able to meet the high standard of precise lawyering required in federal court, where I have to be on point and highly efficient in the presentation of my legal arguments. Without training as a lawyer, I will not know how or where to focus/edit my legal presentation in a choice of competing points that need to be made to the court, where with only 5 minutes, for example, I will likely have to sacrifice certain critical points to the court. If I have 8 points to make to the court, and I can only make 3 in 5 minutes, I will not know which of the 3 are the most critical to make and which 5 to not make, even though to me, all 8 are important to the defense of my case against dismissal. Lawyers are trained to make those calls I am not.

Also, I am not trained to talk at high speeds to a court and I am not trained on how to not get distracted by all the formalities of a court, especially a federal court and especially before a highly esteemed judge such as yourself. All of this is very intimidating. I am asking for a little leeway here. I am asking to be allowed up to 30 minutes total on my side, including follow-up or rebuttal.

19. Also, because I did not have a lot of time to prepare my filings prior to hearing, I need to be able to augment my writings with oral argument. The defendants removed the case to federal court and then both filed motions to dismiss on 6/13/23 and 6/16/23 including antislapp motions. I need to be able to properly address the antislapp issues before the court, as this is a complicated issue and 5 minutes will not be enough time to do so for two motions to dismiss including complicated issues such as the antislapp plus the issues of personal jurisdiction, improper venue, venue transfer, litigation privilege, spousal disqualification, plus remand, amendment, default, discovery, etc, all pertaining to or for two set of defendants totaling 5 defendants including two law firms as defendants.

20. This is simply too much as to meet all of this would require defying the laws of physics. For example, if I cover 1 minute for personal jurisdiction, 1 minute for improper venue, 1 minute for venue transfer, 1 minute for spousal disqualification, and 1 minute for antislapp, that's already 5 minutes and that is only for one motion to dismiss by the Donais defendants. But if we double that 5 minutes to cover the Hilliard defendants, then that's 10 minutes. But even with that I can't even cover personal jurisdiction for all 3 Donais defendants in 1 minute for one motion to dismiss, much less for the other 2 Hilliard defendants in 1 minute. It is physically impossible.

21. Furthermore, there is no time whatsoever to cover remand, any limited discovery requests, amendment of the complaint or default. There is also no time for rebuttal/follow-up, and no time for questions or comments by the judge. It will be literally impossible to cover all of that in 5 or even 10 minutes on my side. It is too much of a herculean task. I fear, given the stakes including the antislapp that carry automatic attorney fees if awarded, I will be severely prejudiced in this hearing simply from a structural systemic standpoint. I simply will not have enough time to say much of anything and to property or effectively attempt to defend my case against dismissal, etc. I will be behind the "eight ball" before the hearing even begins.

22. Similarly, it should be noted that, in state court, usually an hour, at least, is allotted for a motion to dismiss hearing and that's when both sides are represented by lawyers. To take the point further, even in an appeal before state court appeals court or before the state supreme court allows more time than 5 to 10 minutes per side on appeal (usually 15 minutes per side, at a minimum, I believe is standard in state appeals courts and usually up to 30 minutes per side is allowed if requested, and that is for an appeal).

23. I really do not know how I can cover all of the above in 5 to 10 minutes, especially as a non-lawyer.[1]

24. Thus, this is why I am filing a motion seeking enlargement of time in this instance from 5 to 10 minutes on my side to 30 minutes total, which mean enlarging the total time of the hearing from 10 to 20 minutes usually allotted, to 60 minutes in total for both sides. I hope I am making sense.

25. I believe, at least 60 minutes will be needed given the total number of parties, and the nature of the issues in the case.

26. In light of all of the above, this is a reasonable and measured request.

27. When I reached out to the defendants about this, they said they did not oppose but also did not assent. See attached email as **Exhibit 1**. I think essentially their position is that they will leave it up to the judge to decide how much time he wants to allot for the hearing.

28. Please grant the relief requested.

29. Expedited treatment is requested because the hearing is in two days.

---

[1] NB: There are also might preliminary or housekeeping issues that might come in this hearing such compliance issues with local rule 7.1 on conferring and also issues of candor and truthfulness to the court.

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Date: July 25, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703

# **EXHIBIT 1**

# RE: Time Allotted for Hearing

From: Landers, Edwin (elanders@morrisonmahoney.com)

To: quickquantum@aol.com; idonovan@morrisonmahoney.com; wsaturley@preti.com; dsonneborn@preti.com

Date: Tuesday, July 25, 2023 at 09:45 AM EDT

Mr. Bisasor,

In prior hearings that I have had with Judge Young, he has let the parties know at the outset of the hearing how much time each side has for argument. I intend to follow his format and instructions in that regard.

Thank you,
Ed


**Edwin F. Landers, Jr.**
Partner

MORRISON MAHONEY LLP
250 Summer Street, Boston, MA  02210
T (617) 439-7583 | F (617) 342-4967
ELanders@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 9:20 AM
**To:** Donovan, Ian <IDonovan@morrisonmahoney.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; William C. Saturley <wsaturley@preti.com>; Daniel R. Sonneborn <dsonneborn@preti.com>
**Subject:** Fw: Time Allotted for Hearing

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Hello All, I am following up on the below email. I dont recall if Ed was copied or not. So in the abundance of caution, Ed, can you let me know if you will assent to a request to allow 60 mins total for the hearing, 30 mins for both sides.

Dan, can you confirm your position on this?

I plan to file a request today. Can you please let me know as soon as you can?

Thanks,

Andre

----- Forwarded Message -----

**From:** Sonneborn, Daniel R. <dsonneborn@preti.com>

**To:** Andre Bisasor <quickquantum@aol.com>

**Sent:** Friday, July 14, 2023 at 11:19:48 AM EDT

**Subject:** Re: Time Allotted for Hearing

Mr. Bisasor,

I do not believe we need to request time. Judge Young should let us know if there is a limit at the outset of the hearing.

Thanks,

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

On Jul 14, 2023, at 10:57 AM, Andre Bisasor <quickquantum@aol.com> wrote:

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Dan,

It is not clear how long the hearing will be for. Do you have problem with a request to allow at least 60 minutes for the hearing, 30 minutes for plaintiff and 30 minutes for the defendants?

Andre

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.