UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

# EXPEDITED/EMERGENCY MOTION TO CLARIFY CONTENT TO BE COVERED FOR THE JULY 27, 2023 HEARING OR IN THE ALTERNATIVE TO SCHEDULE A SEPARATE HEARING FOR REMAND

1. I, the plaintiff in this case, hereby submit this motion to clarify the content to be covered for the July 27, 2023 hearing.
2. Grounds are as follows.
3. On 6/20/23, a hearing date was first set to be on July 27, 2023, pertaining to the defendants' motions to dismiss. It was my understanding that the court would usually try to cover any other pending issues in such a hearing, including any motion to remand and other motions as such that were filed before the motions to dismiss, which in this instance included a motion to amend the complaint and a motion for default.
4. As a result of being concerned about the amount of time allotted for the hearing, after being informed that the court usually allots about 5 or 10 minutes per side, I filed a motion to allot 1 hour for the hearing yesterday on 7/25/23.
5. The court denied the motion the same day, stating that the parties will have 10 minutes per side[1].
6. However, I am unclear as to what the court intends to be covered by the hearing.
7. So I am seeking clarification on whether the court intends to cover only the motions to dismiss in the hearing. I am seeking confirmation that this is the court's intent for this hearing.
8. In the alternative, if the court is thinking of also trying to cover remand in this hearing, then I request that **a separate hearing be held on remand** given the issues that need to be addressed for remand on its own, and given the limited time allotted for the motion to dismiss. Also, it should be noted that the defendants have not filed any responses to my motion to remand as yet, and the time for response has not yet expired and won't expire prior to the hearing, and the defendants have indicated that they don't plan on filing a response before the hearing (and even if they did do so right before the hearing, that would not give me adequate notice to prepare to discuss that in the hearing, which would implicate due process, due notice and fairness concerns).
9. Similarly, there are other pending issues to be potentially covered including a motion seeking amendment of the complaint and a motion for default, as well as my request for limited discovery pursuant to antislapp statute, and for personal jurisdiction discovery issues etc., which I requested in my oppositions (NB: I am not sure if a separate motion is necessary so I incorporated my requests for discovery into the oppositions).
10. It should be noted further that there are also some other items that I have been seeking to confer and resolve with the defendants for some time now but to no avail, and these need to be brought to the attention of the court. But there have been certain problems and delay in conferring on these issues (including the cancellation of a scheduled call by the defendants in favor of doing it all by email instead) and some difficulties or obstacles in getting a clear or timely responses on these issues from defendants including claims that more information is needed in writing, etc.). Thes items include a request for appointment of pro bono counsel, a request to allow service of process on the removing defendant

---

[1] NB: I clarified with the clerk that this means 10 minutes for the plaintiff and 10 minutes for all defendants combined and the clerk confirmed that this is the case. See also end of **Exhibit 2.**

Upton & Hatfield, a request to transfer of sealed files from state court which has not been transferred as yet, a motion to correct the record (regarding the fact that my motion to amend and motion for default were filed first before the motions to dismiss) and a motion for sanctions against the defendants including for making intentional material false statements to the court, and motion to stay decision on motions to dismiss in order to obtain limited discovery. I need to bring these to the attention of the court. I assume these other items will be best addressed in a separate hearing.

11. A separate hearing on remand could include addressing these other issues.
12. I apologize to the court for my unfamiliarity with federal court but I just want to make sure I don't make wrong assumptions or take something for granted.
13. As a matter of due process, I believe it is reasonable to seek such clarification from the court. I trust that the court can understand where I am coming from here.
14. In light of all of the above, this is a reasonable request for clarification or for separate hearing on remand.
15. When I reached out to the defendants about this request for separate hearing on remand, the attorney for the Hilliard defendants (Dan Sonneborn) responded[2] and did not oppose. See attached email as **Exhibit 1**.
16. I think essentially his position is a "wait and see if it comes up" approach and they will address it if it comes up but don't plan on speaking on it otherwise. Attorney Sonneborn stated: "*I will file a response to your motion for remand but it likely won't be finalized before Thursday's hearing. I expect Judge Young may schedule a hearing if he determines it to be necessary.*" Attorney Sonneborn further stated: "*If Judge Young asks, I will address the remand issue as well but likely won't have the formal written response done.*"
17. I told Attorney Sonneborn that "*I don't think it is fair for me to have respond to their comments about remand without knowing in advance what their response is. It would be tantamount to litigation by ambush and that is a due process concern. I imagine if the remand was discussed without my filing a motion in advance or having a chance to review such motion in advance, they would likely feel that was not fair to them.*"
18. I told the defendants that I would thus seek clarification from the court. I did not hear back on that part as yet since all of yesterday and so far today.
19. I also asked the clerk about this, with the defendants copied (see **Exhibit 2**), and she indicated that "*I'm not certain if the Judge will address the motion for remand on Thursday. You may raise this with him at the hearing.*"
20. I responded to the clerk saying that: *"It would be difficult for me to show up at the hearing not knowing if remand will be covered or not, as that will affect how I prepare and what I spend time trying to prepare for. So, it would be good to know in advance if remand is expected to be covered. Moreover, there will be no time to cover remand in only 10 minutes. Also, the time for response to my motion to remand will not expire before the hearing and no defendant has or will likely file a response before the hearing. Is there a way to confirm this?".*
21. The clerk responded saying: *"The best I can do is tell you that since the motion to remand is not yet ripe and I didn't technically set it for oral arguments you should focus on the motion scheduled for hearing. I can't guarantee that the Judge will not address the motion to remand but you may of course tell him you're not prepared to argue that motion at the hearing."*
22. At this point, I plan on focusing on the motions to dismiss as suggested by the clerk and won't prepare for any discussion on my motion to remand, especially given that the defendants have not filed any responses thereto as yet, and the time for response has not yet expired and won't expire prior to the hearing, and the defendants indicated that they don't plan on filing a response before the hearing (and even if they did right before the hearing, that would not give me adequate notice to prepare to discuss in the hearing, which implicate due process and due notice concerns).
23. However, in light of the above, and in the abundance of caution, I feel as though some basic clarification from the court is still necessary as I do not want to be surprised in the hearing and I feel more comfortable with a clear confirmation from the court in advance of the hearing. Moreover, I do not

---

[2] I have not heard from the attorney for the Donais defendants.

think there will be time to discuss this housekeeping issue at the beginning of the hearing given the limited time already allotted squarely on the motions to dismiss.
24. I hope I am making sense.
25. Please grant the relief requested or any other that is deemed right, fair, just and proper.
26. Expedited treatment is requested because the hearing is tomorrow.

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Date: July 26, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703

3

# EXHIBIT 1

## RE: Remand hearing

From: Sonneborn, Daniel R. (dsonneborn@preti.com)

To: quickquantum@aol.com; idonovan@morrisonmahoney.com; elanders@morrisonmahoney.com; wsaturley@preti.com

Date: Tuesday, July 25, 2023 at 12:47 PM EDT

Mr. Bisasor,

If Judge Young asks, I will address the remand issue as well but likely won't have the formal written response done.

Thanks,
Dan

**Daniel R. Sonneborn**
Director
Preti Flaherty

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 12:20 PM
**To:** Ian Donovan <idonovan@morrisonmahoney.com>; Edwin Landers <elanders@morrisonmahoney.com>; Saturley, William C. <WSaturley@preti.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Re: Remand hearing

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

So to be clear, you do not expect to argue remand at Thursday's hearing?

Andre

On Tuesday, July 25, 2023 at 12:18:07 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Mr. Bisasor,

I will file a response to your motion for remand but it likely won't be finalized before Thursday's hearing. I expect Judge Young may schedule a hearing if he determines it to be necessary.

Thanks,

Dan

**Daniel R. Sonneborn**
Director
Preti Flaherty

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 12:02 PM
**To:** Ian Donovan <idonovan@morrisonmahoney.com>; Edwin Landers <elanders@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>; Saturley, William C. <WSaturley@preti.com>
**Subject:** Remand hearing

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Dear Dan, Ed, et al

Do you think a separate hearing is needed for remand?

Andre

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

# Exhibit 2

# Re: Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

From: Jennifer Gaudet (jennifer_gaudet@mad.uscourts.gov)

To: quickquantum@aol.com; idonovan@morrisonmahoney.com

Cc: elanders@morrisonmahoney.com; dsonneborn@preti.com

Date: Tuesday, July 25, 2023 at 01:11 PM EDT

Mr. Bisasor. The best I can do is tell you that since the motion to remand is not yet ripe and I didn't technically set it for oral arguments you should focus on the motion scheduled for hearing. I can't guarantee that the Judge will not address the motion to remand but you may of course tell him you're not prepared to argue that motion at the hearing.

Get Outlook for iOS

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 12:45:52 PM
**To:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>; Donovan, Ian <IDonovan@morrisonmahoney.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Subject:** Re: Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

**CAUTION - EXTERNAL:**

> Dear Jennifer,
>
> It would be difficult for me to show up at the hearing not knowing if remand will be covered or not, as that will affect how I prepare and what I spend time trying to prepare for.
>
> So, it would be good to know in advance if remand is expected to be covered. Moreover, there will be no time to cover remand in only 10 minutes. Also, the time for response to my motion to remand will not expire before the hearing and no defendant has or will likely file a response before the hearing.
>
> Is there a way to confirm this?
>
> Andre
>
> On Tuesday, July 25, 2023 at 12:20:55 PM EDT, Donovan, Ian <idonovan@morrisonmahoney.com> wrote:
>
> Dear Mr. Bisasor,
>
> Please copy Edwin Landers and Daniel Sonneborn, copied now, on all communications with the court so that I do not have to forward messages and act as a go-between.
>
> Thank you,
>
> Ian Donovan

**From:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Sent:** Tuesday, July 25, 2023 12:05 PM
**To:** Andre Bisasor <quickquantum@aol.com>
**Cc:** Donovan, Ian <IDonovan@morrisonmahoney.com>
**Subject:** RE: Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

---

**External Email from Jennifer Gaudet <jennifer_gaudet@mad.uscourts.gov>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

I'm not certain if the Judge will address the motion for remand on Thursday. You may raise this with him at the hearing.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 12:00 PM
**To:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Cc:** Ian Donovan <idonovan@morrisonmahoney.com>
**Subject:** Re: Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

**CAUTION - EXTERNAL:**

Dear Jennifer

One more thing: is it for certain that the judge intends to cover motions to dismiss as well as remand in the hearing? is it procedurally feasible to have/schedule another hearing on remand separately? and if so, a motion would need to be filed?

Andre

On Tuesday, July 25, 2023 at 11:02:26 AM EDT, Jennifer Gaudet <jennifer_gaudet@mad.uscourts.gov> wrote:

Yes, that is correct

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 10:51 AM

**To:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Cc:** Ian Donovan <idonovan@morrisonmahoney.com>
**Subject:** Re: Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

**CAUTION - EXTERNAL:**

Dear Jennifer,

I just the court's order saying that the parties will have 10 minutes per side to argue. Does that means 10 minutes for plaintiff side and 10 minutes for all defendants combined side? Just confirming.

Andre

On Tuesday, July 25, 2023 at 10:15:49 AM EDT, Jennifer Gaudet <jennifer_gaudet@mad.uscourts.gov> wrote:

Thank you – I will give this to Judge Young as soon as we finish the hearing we are currently on.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, July 25, 2023 10:14 AM
**To:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Cc:** Ian Donovan <idonovan@morrisonmahoney.com>
**Subject:** Motion on hearing time change | Bisasor v Donais et al | Case# 1:23-cv-11313-WGY

**CAUTION - EXTERNAL:**

Dear Jennifer,

I just filed an expedited/emergency motion to request more time for the hearing. The defendants did not object nor did they assent. They essentially said that they will leave it to the judge to decide how much time he wants to allocate for the hearing. I attached their response to the motion as Exhibit 1. I have copied Ian Donovan on this email.

Can you bring to the judge asap?

Thanks,

Andre

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**